MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Eastern District of North Carolina |
|---|---|---|
| Name *(under which you were convicted)*: Alfred Lamont Crowder | | Docket or Case No.: 5:17-CR-330-D-1 |
| Place of Confinement: FCI Butner Medium II | | Prisoner No.: 64265-056 |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* Alfred Lamont Crowder |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Eastern District of North Carolina
   310 New Bern Avenue
   Raleigh NC 27601

   (b) Criminal docket or case number (if you know): 5:17-CR-330-D-1

2. (a) Date of the judgment of conviction (if you know): 4/9/2018

   (b) Date of sentencing: 10/16/2018

3. Length of sentence: 180 months

4. Nature of crime (all counts):

   Hobbs Act Robbery (18 U.S.C. § 1951(b)(1))
   Possession of Ammunition by a Felon (18 U.S.C. § 922(g)(1))
   Using, Carrying & Brandishing a Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c))

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?  Yes ☐  No ☑

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): _____
      (2) Result: _____

      (3) Date of result (if you know): _____
      (4) Citation to the case (if you know): _____
      (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

    (4)    Nature of the proceeding: _____

    (5)    Grounds raised:

    (6)    Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐    No ☐

    (7)    Result: _____

    (8)    Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1)    Name of court: _____

    (2)    Docket of case number (if you know): _____

    (3)    Date of filing (if you know): _____

    (4)    Nature of the proceeding: _____

    (5)    Grounds raised:

    (6)    Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐    No ☐

    (7)    Result: _____

    (8)    Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)    First petition:    Yes ☐    No ☐

    (2)    Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Rehaif v. United States, 139 S. Ct. 2191 (2020), voids his guilty plea as this Court accepted it without advising Mr. Crowder of the element requiring knowledge of his prohibited status under § 922(g).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Because the Court failed to advise Petitioner of an element of the offense to which he pled guilty, the plea was not knowingly and intelligently made, and in turn, violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G). This error is structural. Indeed, in United States v. Gary, 954 F.3d 194, 198 (4th Cir. 2020), the Fourth Circuit held exactly as such under circumstances identical to those here: "Because the court accepted Gary's plea [to a § 922(g) offense] without giving him notice of an element of the offense [the Rehaif knowledge element], the court's error is structural." Id. Therefore, Gary dictates the vacatur of Petitioner's guilty plea.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☐

Page 6 of 13
Case 5:17-cr-00330-D   Document 61   Filed 06/16/20   Page 5 of 12

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐      No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐      No ☐

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐      No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐      No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐      No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐    No ☐

        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐    No ☐

        (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Yes, subsequent to Mr. Crowder's arraignment and sentencing, the US Supreme Court decided Rehaif ,which held that a defendant's knowledge of his prohibited status is an element of a 18 USC § 922.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?  Yes ☐  No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:

    (b) At the arraignment and plea:
    Halerie Costello

    (c) At the trial:

    (d) At sentencing:
    Halerie Costello

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The one year clock has not run because it should begin from the date the U.S. Supreme Court rendered its decision in United States v. Rehaif on June 21, 2019. Under Teague v. Lane, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." Welch v. United States, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." Id. at 1264-65 (citation omitted). Rehaif does just that.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate Mr. Crowder's sentence and conviction.

or any other relief to which movant may be entitled.

/s/Halerie M. Costello
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on                                                      .
(month, date, year)

Executed (signed) on                                                      (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Appointed attorney is filing the motion on petitioner's behalf.