UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-330-D-1

| UNITED STATES OF AMERICA | MEMORANDUM IN SUPPORT OF MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
|---|---|
| v. | |
| ALFRED LAMONT CROWDER | |

Defendant Alfred Lamont Crowder, through undersigned counsel, files this memorandum in support of his contemporaneously filed motion to vacate sentence and conviction pursuant to 28 U.S.C. § 2255. As explained below, Petitioner's guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in *Rehaif v. United States*, __ U.S.__, 139 S. Ct. 2191 (2020).

## ARGUMENT

**I.  The Supreme Court abrogated longstanding Fourth Circuit precedent by expanding the knowledge requirement in 18 U.S.C. § 922(g).**

18 U.S.C. § 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition. In *Rehaif*, the Supreme Court held that the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In other words, an individual is not guilty of a § 922(g) offense unless he had knowledge of his prohibited status within one of the nine categories under the statute at the time he possessed a firearm.

In so holding, *Rehaif* abrogated longstanding Fourth Circuit precedent (as well as that of every federal court of appeals) holding that a defendant's knowledge of his prohibited status is not an element of a § 922(g) offense. *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); *see also United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc); *see also United States v. Huet*, 665 F.3d 588, 596 (3d Cir. 2012); *United States v. Games-Perez*, 667 F.3d 1136, 1142 (10th Cir. 2012); *United States v. Rose,* 587 F.3d 695, 705-06 & n.9 (5th Cir. 2009); *United States v. Bryant*, 523 F.3d 349, 354 (D.C. Cir. 2008); *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003); *United States v. Lane*, 267 F.3d 715, 720 (7th Cir. 2001); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999); *United States v. Miller*, 105 F.3d 552, 555 (9th Cir. 1997); *Jackson v. United States*, 120 F.3d 1226 (11th Cir. 1997); *United States v. Smith*, 940 F.2d 710, 713 (1st Cir. 1991).

**II.     *Rehaif* voids Petitioner's § 922(g) conviction.**

*Rehaif* now voids Petitioner's guilty plea because this Court accepted it without advising Petitioner of the element requiring knowledge of his prohibited status under § 922(g). Because the Court failed to advise Petitioner of an element of the offense to which he pled guilty, the plea was not knowingly and intelligently made, and in turn, violated the Due Process Clause under the Constitution and Fed. R. Crim. P. 11(b)(G). This error is structural. Indeed, in *United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020), the Fourth Circuit held exactly as such under circumstances identical to those here: "Because the court accepted Gary's plea [to a § 922(g) offense] without giving him notice of an element of the offense [the *Rehaif* knowledge element], the court's error is structural." *Id.* Therefore, *Gary* dictates the vacatur of Petitioner's guilty plea.

### III. Petitioner's claim is cognizable under 28 U.S.C. § 2255(a).

Petitioner's claim is cognizable under 28 U.S.C. § 2255(a) because his guilty plea is unconstitutional and violates the laws of the United States.

### IV. *Rehaif* is retroactively applicable to Petitioner's case.

Finally, *Rehaif* is retroactively applicable here. Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States*, __ U.S.__, 136 S. Ct. 1257, 1264 (2016). A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Id.* at 1264-65 (citation omitted). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms." *Id.* at 1265 (citation omitted).

*Rehaif* is exactly such a decision. Before *Rehaif*, the lower courts had expansively interpreted § 922(g) to punish the possession of firearms by individuals who fell within a prohibited class, even if they did not know that they fell within the class at the time they possessed the firearms. *Rehaif* narrowed the scope of § 922(g) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. In so doing, the Court altered the range of conduct and class of persons punishable under § 922(g). Therefore, *Rehaif* announced a substantive rule that is retroactive.

The Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), reinforces that *Rehaif* is retroactive. In *Bousley*, 523 U.S. at 620-21, the Supreme Court held that its decision in *Bailey v. United States*, 516 U.S. 137 (1995), was substantive, and therefore, retroactive. In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which at the time only criminalized the "use" or "carr[ying]" of a firearm during and in relation to a crime of violence. Previously,

some lower courts had interpreted the "use" language in the provision to require only accessibility and proximity to the firearm, not active employment of the firearm. But in *Bailey*, the Supreme Court held that "active employment" of the firearm was required under § 924(c)(1). 516 U.S. at 144. In *Bousley*, the Supreme Court ruled that *Bailey* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 924(c) statute by holding that the statute "does not reach certain conduct"—i.e., the non-active use of a firearm. *Bousley*, 523 U.S. at 620. Likewise, *Rehaif* announced a substantive (and, therefore, retroactive) rule because it narrowed the scope of the § 922(g) statute by holding that it does not reach certain conduct—i.e., the possession of a firearm by a defendant who, at the time, had no knowledge of his prohibited status.

## **CONCLUSION**

WHEREFORE, Petitioner respectfully requests that this Court grant his motion and vacate his invalid and unconstitutional guilty plea and vacate his sentence.

Respectfully requested this 16th day of June, 2020.

> G. ALAN DUBOIS
> Federal Public Defender
>
> */s/ Halerie M. Costello*
> HALERIE M. COSTELLO
> Assistant Federal Public Defender
> Attorney for Defendant
> Office of the Federal Public Defender
> 150 Fayetteville Street, Suite 450
> Raleigh, North Carolina 27601
> Telephone: 919-856-4236
> Fax: 919-856-4477
> E-mail: halerie_costello@fd.org
> N.C. State Bar No. 43030
> LR 57.1 Counsel
> Appointed

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

JOSHUA B. ROYSTER
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 450
Raleigh, NC 26701
Usance.rehaif2255@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on June 16, 2020, using the CM/ECF system which will send notification of such filing to the above and/or via email.

This the 16th day of June 2020.

*/s/ Halerie M. Costello*
HALERIE M. COSTELLO
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: halerie_costello@fd.org
N.C. State Bar No. 43030
LR 57.1 Counsel
Appointed