IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-330-D
No. 5:20-CV-284-D

| ALFRED LAMONT CROWDER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | MOTION TO STAY |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves the Court to stay this matter pending issuance of the mandate in *United States v. Gary*, No. 18-4578. In support of this motion, the United States submits the following:

1. Petitioner, pursuant to 28 U.S.C. § 2255, seeks vacatur of his felon-in-possession-of-a-firearm conviction based, at least in part, on the Supreme Court's decision in *United States v. Rehaif*, 139 S. Ct. 2191 (2019) (holding in prosecution for possession of a firearm by a restricted person under 18 U.S.C. §§ 922(g) and 924(a), the government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of restricted persons).

2. As this Court is aware, the Fourth Circuit recently held that "a standalone *Rehaif* error satisfies plain error review because such an error is structural, which per se affects a defendant's substantial rights." *United States v. Gary*, 954 F.3d 194, 200 (4th Cir. Mar. 25, 2020). The mandate in *Gary* was stayed

1

pending the Fourth Circuit's ruling on the United States' petition for rehearing *en banc*. *United States v. Gary*, No. 18-4578, Docket Entry 59, dated May 8, 2020.

3. On July 7, 2020, the Court issued a published order denying the petition for rehearing *en banc*. *United States v. Gary*, No. 18-4578, Docket Entry 64, dated July 7, 2020. Judge Wilkinson issued a separate written concurrence, joined by four other judges, in which he stated that he concurred in the denial of rehearing *en banc* solely because "[t]he panel's holding is so incorrect and on an issue of such importance that I think the Supreme Court should consider it promptly." *Id.* at 2 (Wilkinson, J., concurring).

4. After the petition for hearing *en banc* was denied, the United States moved to stay the mandate in *Gary* until the deadline for filing a petition for certiorari with the United States Supreme Court is filed, or, if a certiorari petition is filed, until the petition is finally resolved. *United States v. Gary*, No. 18-4578, Docket Entry 65, dated July 8, 2020. The Fourth Circuit temporarily stayed the mandate in *Gary* until it rules on the United States' present motion to stay. *United States v. Gary*, No. 18-4578, Docket Entry 66, dated July 9, 2020. Accordingly, the mandate in *Gary* remains stayed.

5. The United States disagrees that the *Gary* decision necessitates vacatur of Petitioner's conviction and sentence, but acknowledges that *Gary* could impact the Court's analysis of the parties' positions on whether Petitioner is entitled to § 2255 relief. Consequently, the Court should temporarily stay this case pending the issuance of the mandate in *Gary* by the Fourth Circuit.

2

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In exercising discretion to stay a case, a court "must weigh competing interests." *Id.* at 255.

7. Here, a stay is appropriate for myriad reasons. First, it is possible that the United States seeks review of the *Gary* decision by the United States Supreme Court, and there is ample basis for the Court to reverse.[1] Given that uncertainty, forging ahead based upon the panel decision in *Gary* and before a mandate is finally issued invites the potential waste of limited judicial and government resources, which could further be compounded by the numerous *Rehaif*-based habeas petitions currently pending. As Judge Wilkinson pointed out in discussing the ramifications of *Gary*, "[t]he erosion of finality in the context of such basic criminal offenses as § 922(g) and 18 U.S.C. § 924(c) will strain the resources of the lower federal courts in

---

[1] As Judge Wilkinson noted in his concurrence denying rehearing *en banc*, the *Gary* decision "creates a circuit split of yawning proportions, but also an equally profound schism with the Supreme Court's whole approach to error review and remediation." *United States v. Gary*, No. 18-4578, Docket Entry 64, dated July 7, 2020, at 2 (Wilkinson, J., concurring). Indeed, the *Gary* opinion conflicts with the post-*Rehaif* decisions of other courts of appeals that have found no reversible plain error from a district court's failure to advise the defendant of the status-knowledge element of a § 922(g)(1) charge where there was otherwise record evidence of a defendant's knowledge of status. *E.g.*, *United States v. Trujillo*, ___ F.3d ___, 2020 WL 2745526, at * 5 (10th Cir. May 27, 2020); *United States v. Hobbs*, 953 F.3d 853, 2020 WL 1316560 (6th Cir. March 20, 2020); *United States v. Williams*, 946 F.3d 968, 970-76 (7th Cir. 2020); *United States v. Burghardt*, 939 F.3d 397, 402-06 (1st Cir. 2019); *Cf. United States v. Balde,* 943 F.3d 73, 97-98 (2d Cir. 2019) (applying plain error review to § 922(g) offense but reversing because defendant's status was disputed).

3

no small measure. Not only that, but prosecutorial resources will be tested to the limits by multitudes of defendants seeking to withdraw and renegotiate their pleas. Not only that, but the resources of public defenders will be tested as well, as they try to balance their obligations to existing clients who face serious charges and the legions of defendants who seek to redo past bargains." *United States v. Gary*, No. 18-4578, Docket Entry 64, dated July 7, 2020, at 7–8 (Wilkinson, J., concurring). Principles of judicial economy therefore favor a temporary stay.

8. Furthermore, the Fourth Circuit and courts in our district have granted similar motions to hold in abeyance pending cases involving § 2255 motions also raising a *Rehaif* claim. *See In re Kareem Jahmal Horton*, Fourth Circuit No 19-373, at Doc. 21 (filed April 9, 2020); *United States v. Ismil Rasheed Jeffers*, Fourth Circuit No 19-359, at Doc. 22 (filed April 13, 2020); *Daniel Lee Wade, Jr. v. United States*, No. 4:17-CR-67-FL, [D.E. 76], (E.D.N.C. May 14, 2020); *Rodney Lucas v. United States*, No. 4:11-CR-71-D, [D.E. 92], (E.D.N.C. May 12, 2020); *Earl Wallace Jeffers, III v. United States*, No. 5:18-CR-418-BO, [D.E. 59], (E.D.N.C Apr. 23, 2020).

9. Accordingly, the United States requests that this matter be stayed pending issuance of the mandate in *Gary*. The United States further requests it be allowed thirty (30) days from the issuance of the mandate in *Gary* to respond to Petitioner's motion. The United States requests thirty (30) days because of the anticipated volume of *Rehaif*-based § 2255 petitions requiring a response (or a reply to responses in opposition to the United States' motion to dismiss) following issuance

of the mandate in *Gary*.[2] Additional time will likely be needed depending on that volume, which the United States estimates now currently exceeds 200 cases. The United States is submitting a proposed order consistent with this request contemporaneously herewith.

10. In the event the Court denies the United States' motion to stay, the United States respectfully requests thirty (30) days from entry of the Court's order denying the motion to respond to Petitioner's § 2255 motion.

11. The United States reserves its right to oppose or object to Petitioner's *Rehaif*-based 2255 claim on the following grounds, if applicable: (1) it is untimely, (2) any motion to amend (or effort to amend) a previously filed 2255 motion to add a *Rehaif*-based 2255 claim should be denied as futile, and/or (3) Petitioner failed to obtain authorization from the Fourth Circuit Court of Appeals to file a second or successive 2255 motion based on *Rehaif*.

12. Counsel for Petitioner has been contacted and opposes this motion. A proposed order is being submitted herewith.

WHEREFORE, the United States requests that the Court hold this matter in abeyance pending the issuance of the mandate in *Gary*.

---

[2] On February 14, 2020, the Court entered a Standing Order appointing the Office of the Federal Public Defender ("FPD") to represent any defendant serving a federal sentence, who was previously determined to have been entitled to counsel, or who is now indigent, to determine whether that defendant may qualify for post-conviction relief pursuant to *Rehaif* and if so, to assist the defendant in obtaining such relief. *See* 20-SO-2, In Re: Motions for Post-Conviction Relief Pursuant to *Rehaif v. United States*, 588 U.S. ___, 139 S.Ct. 2191 (2019).

Respectfully submitted this 13th day of August, 2020.

                                          ROBERT J. HIGDON, JR.
                                        United States Attorney

                                        By: /s/ Asia J. Prince
                                                ASIA J. PRINCE
                                        Assistant United States Attorney
                                        150 Fayetteville Street, Suite 2100
                                        Raleigh, NC 27601
                                        Telephone: (919) 856-4530
                                        Facsimile: (919) 856-4821
                                        Email: asia.prince@usdoj.gov
                                        N.C. Bar # 48019
                                        Attorney for Respondent

CERTIFICATE OF SERVICE

I do hereby certify that I have this 13th day of August, 2020, served a copy of the foregoing upon the below-listed party or parties electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Halerie M. Costello
Federal Public Defender's Office
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
919-856-4236
Fax: 919-856-4477
Halerie_Costello@fd.org

By: /s/ Asia J. Prince
ASIA J. PRINCE
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: asia.prince@usdoj.gov
N.C. Bar # 48019
Attorney for Respondent