UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No 5:17-CR-330-D
No. 5:20-CV-284-D

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALFRED LAMONT CROWDER | RESPONSE IN OPPOSITION TO GOVERNMENT MOTION TO STAY |

On August 13, the Government filed a motion to stay this matter pending issuance of the mandate in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). The Court should deny that motion. The Fourth Circuit has denied rehearing en banc, with no judge calling for a poll. *United States v. Gary*, Fourth Cir. No. 18-4578, ECF No. 64. And, just yesterday, the Fourth Circuit applied *Gary* and resolved a matter in which the defendant sought vacatur of his plea and sentence on the basis of *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2010), the same case upon which Mr. Crowder bases his claim of relief. *United States v. Torain*, No. 19-4361 (4th Cir. Aug. 13, 2020). Thus, the Fourth Circuit's own actions demonstrate that application of *Gary* to pending cases is proper. A stay is inappropriate.

"The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). The Government has failed to make such a showing here. The appeal as of right in Mr. Gary's case is complete and any further review by the Supreme Court is speculative and does not present a compelling reason to hold this case in abeyance. The Supreme Court receives approximately 7,000 to 8,000 petitions for a writ of

1

certiorari each Term and only hears oral argument in about eighty of them, for a grant rate of approximately one percent. *See* Supreme Court of the United States, Frequently Asked Questions, https://www.supremecourt.gov/about/faq_general.aspx (last visited July 15, 2020). What is more, under current Supreme Court Rules, the Government would have 150 days from July 7, 2020—until December 4, 2020—to file a petition for certiorari, rendering any review, even if granted, unlikely to occur before October Term 2021, with any opinion expected by June 2022—nearly *two years* from now. All of this delay severely prejudices Mr. Crowder, who has served multiple years of a sentence imposed on the basis of a constitutionally invalid guilty plea.

The Government also stacks delay upon delay. The Government seeks a stay pending issuance of the *Gary* mandate and another month *after that* in which to respond to Mr. Crowder's motion. [DE 66 at 4]. This request ignores the statute's mandate requiring courts to "grant a prompt hearing" on motions to vacate. 28 U.S.C. § 2255(b). Rule 4 of the Rules Governing Section 2255 Cases reinforces that mandate, instructing the clerk of court to "promptly forward" motions to the judge and directs the court to "promptly examine" them. The court is directed to "order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Government has not shown clear and convincing circumstances that outweigh Mr. Crowder's liberty interest from a constitutionally invalid conviction.

What is more, the Government's boilerplate language preserving objections has no application here: Mr. Crowder's petition is timely (it was filed within one year of the Supreme Court's decision in *Rehaif v. United States*¸ 139 S. Ct. 2191 (2019)), and Mr. Crowder has no pending Section 2255 motion that would need to be amended nor has he had a previous Section

2255 motion decided on the merits that would require him to seek authorization from the Fourth Circuit to file a second or successive Section 2255 motion.

The Court should deny the Government's motion for a stay and direct it to respond promptly to Mr. Crowder's Section 2255 petition.

Respectfully submitted this 14th day of August, 2020.

G. ALAN DUBOIS
Federal Public Defender

/s/ *Halerie M. Costello*
HALERIE M. COSTELLO
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: halerie_costello@fd.org
N.C. State Bar No. 43030
LR 57.1 Counsel/Appointed

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

ASIA J. PRINCE
Assistant United States Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Email: asia.prince@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on August 14, 2020, using the CM/ECF system, which will send notification of such filing to the above and/or via email.

This the 14th day of August, 2020.

                                              /s/ *Halerie M. Costello*
                                              HALERIE M. COSTELLO
                                              Assistant Federal Public Defender
                                              Attorney for Defendant
                                              Office of the Federal Public Defender
                                              150 Fayetteville Street, Suite 450
                                              Raleigh, North Carolina 27601
                                              Telephone: 919-856-4236
                                              Fax: 919-856-4477
                                              E-mail: halerie_costello@fd.org
                                              N.C. State Bar No. 43030
                                              LR 57.1 Counsel/Appointed